E-FILED
Monday, 02 February, 2015 11:15:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 14-CV-2251 |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN REARDON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging retaliation for the exercise of Plaintiff's First Amendment rights.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that after he filed grievances against the Defendants, the Defendants retaliated by falsely accusing him of authoring a threat letter, insolence, and creating a dangerous disturbance. Plaintiff alleges that the evidence used against him was fabricated, and that he was denied the right to be heard before an impartial hearing officer. In addition to damages, Plaintiff seeks removal from segregation, expungement of the disciplinary charges and a facility transfer.

## ANALYSIS

"[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance." DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). The adverse action need not independently violate the Constitution, rather "a complaint need only allege a chronology of events from which retaliation may be inferred." Id. Potentially, the Defendants' actions could rise to the level of a constitutional violation upon a showing that the filing of Plaintiff's grievance was "at least a motivating factor" in the Defendant's

treatment of Plaintiff. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The Court, however, does not make such a finding because the Plaintiff's claims are barred on other grounds.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489. This requirement "is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." Nelson v. Campbell, 541 U.S. 637, 647 (2004). The Supreme Court has held that the Heck doctrine applies to prison disciplinary proceedings. Edwards v. Balisok, 520 U.S. 641, 644-49 (1997); Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the

plaintiff's section 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied." (citations omitted)).

In his complaint, Plaintiff alleges that the evidence used against him in the disciplinary hearings was fabricated. If established, that allegation would necessarily imply the invalidity of the hearing officer's decision. Thus, Plaintiff's claims under § 1983 are barred until the Plaintiff can show that he successfully challenged the decision in a state court or federal habeas proceeding. See Chencinski v. Reeder, No. 12-CV-0817, 2013 WL 2383637, at *2 (S.D. Ill. May 30, 2013) (dismissing § 1983 claims as Heck-barred where Plaintiff alleged prison officials issued a false disciplinary ticket that resulted in demotion to C-grade, segregation, and revocation of good time credit). Plaintiff's allegations that the hearing officer was impartial would also be barred. See Lusz, 126 F.3d at 1022-23 (holding that allegation that hearing officer was biased, if proven, would necessarily imply the invalidity of the underlying finding because "convictions entered by partial judges are always set aside." (citations omitted)). Plaintiff has not shown that the underlying decision by the hearing officer

has been overturned, and, accordingly, Plaintiff's claims under § 1983 are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending motions are denied as moot.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in

forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:      February 2, 2015

FOR THE COURT:

                 *s/Sue E. Myerscough*
                 SUE E. MYERSCOUGH
           UNITED STATES DISTRICT JUDGE